HANNUM v. BENTON ET AL.

1. **Principal and Agent:** RATIFICATION OF AGENT'S ACTS. Evidence held to show a ratification by a principal of the acts of his agent, in making a sale and transfer of a certain sheriff's certificate owned by the principal.

*Appeal from Buchanan District Court.*

FRIDAY, SEPTEMBER 24.

ACTION in chancery. The pleadings and facts of the case appear in the opinion. There was a decree denying the relief prayed for in plaintiff's petition, from which he appeals.

*W. G. Donnan* and *Woodward & Cook,* for appellant.

*Lake & Harmon,* for appellees.

BECK, J.—I. The petition alleges that plaintiffs recovered a judgment and decree in an action to foreclose two mortgages, upon which a special execution was issued and the property sold to plaintiff, and a sheriff's certificate issued to him upon the sale; that one Holdridge, falsely acting as plaintiff's agent, and without his knowledge and assent, transferred the certificate to defendant Benton, in consideration of $500, the sale having been made for $1,011.58; that Benton had notice that plaintiffs had no knowledge of, and did not assent to, the sale and transfer of the certificate, and that Benton, under the transfer, claims the right to a sheriff's deed for the premises. It is shown that the time for redemption had not expired when this action was commenced. The sheriff, Van Orsdol, is made a defendant, and plaintiffs pray that he be enjoined

from executing a deed for the premises to Benton, and that he be, by proper decree, required to execute the deed to plaintiffs, whose right thereto he prays may be established.

The answer of defendants admits that the certificate was transferred to Benton by Holdridge, but avers that he was the owner thereof, and shows that he acquired it in the following manner: Holdridge was the agent and attorney of plaintiff, who appointed one Jameson, since deceased, to settle and adjust all transactions between him and Holdridge, and in pursuance of such authority Jameson made a settlement with Holdridge, and in consideration of the conveyance of certain lands, sold and transferred to him the notes secured by the mortgages which were foreclosed by the decree under which the sale was had, whereon the certificate in question was issued. The mortgages were foreclosed, and all proceedings relating thereto were had in the name of plaintiff, under agreement with Jameson, the agent of plaintiff. It is alleged in the answer that the property covered by the certificate was encumbered by prior liens, and the amount paid by Benton was full consideration therefor, and that he made the purchase in good faith, without notice of the rights of plaintiff. Other allegations of the petition need not be here set out.

The court below, upon facts found and reported, which need not be recited here, rendered a decree to this effect: Benton is declared to be the purchaser of the certificate in good faith, and for a valuable consideration. The plaintiff may recover the property upon paying Benton the amounts expended by him in the purchase of the certificate, in discharge of liens upon the property and in payments for repairs and necessary improvements, less the amount received for rent; the sum thus ascertained being $711.58. This included the sum of $105, paid by Benton for a school fund mortgage. Plaintiff is required to make payment of this sum within sixty days, and in default thereof shall execute a release of all claim to the property, or if he fail so to do a commissioner is appointed with authority to execute such release.

II.   Without discussing the testimony we will state the
conclusions we reach as to certain controlling facts
of the case.

1. PRINCIPAL
and agent:
ratification.

1.   Jameson was not authorized to transfer the notes
secured by the mortgage to Holdridge; whether he attempted
to do so we need not inquire.

2.   Holdridge was the agent of plaintiff at the time he
assigned the certificate to Benton.   The plaintiff, in his testi-
mony, explicitly states that Holdridge had been for two or
three years before the transaction his agent for loaning money,
collecting such loans and re-investing the money.   He, as
attorney, had made collection by suit and satisfied judgments,
and it seems had general authority to loan and collect plain-
tiff's money.   The mortgages referred to in this case, under
which the certificate in question was executed, were taken by
Holdridge for the security of loans made by him as plaintiff's
agent.   This agency continued at the time of the transfer of
the certificate to Benton.   Plaintiff himself so testifies, de-
claring, to us his own words:  " Holdridge has never ceased
to be my agent."   This settles the question of Holdridge's
agency beyond a question.

3.   Whether Holdridge, as an agent of plaintiff, was orig-
inally authorized to transfer the certificate may be a matter
of doubt, under the law and the facts.   But we need make no
inquiry upon this point.   The evidence authorizes the con-
clusion that after the transfer the plaintiff approved and rati-
fied it.   This, of course, would make it binding upon him.
Holdridge testifies that after the transfer of the certificate to
Benton he informed plaintiff in regard to the transaction and
the reasons therefor, and that plaintiff expressly approved it.
Plaintiff testified after Holdridge had given his evidence, and
does not deny his statements.   We must, therefore, regard
plaintiff's approval of the transfer as established.   There is
other testimony besides what we have stated tending in the
same direction.

These conclusions, which are very satisfactorily supported

by the testimony, dispose of the case. The decree of the court below, however, is more favorable to plaintiff than is authorized by the law. If Holdridge was plaintiff's agent, and as such transferred the certificate, and this act was subsequently ratified by plaintiff, Benton's title to the certificate is absolute, and he ought not to be required to surrender it upon payment of the amount specified in the decree.

But Benton makes no complaint of, or objection to, the decree on this ground, and does not appeal therefrom. He asks, indeed, that it be affirmed. It will, therefore, be permitted to stand undisturbed.

No other points arising in the case need be considered. The decree of the court below is

AFFIRMED.